IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-798-ZLW-BNB

JASPER DEVELOPMENT, LLC,
f/k/a THE PARADIGM HEALTH CLUB, LLC,
MIA JASPER, and
ROBERT E. JASPER,

      Plaintiffs,

v.

LAKESHORE BROOMFIELD REALTY, LLC,

      Defendant.

## STIPULATED PROTECTIVE ORDER

This matter is before the Court on the parties' Stipulated Motion for Entry of Protective Order Concerning Confidential Information pursuant to Fed. R. Civ. P. 26(c).  This Court has been duly advised in the premises, finds that good cause has been shown, and grants the same as follows:

WHEREAS, the parties to this action believe that certain interrogatories, requests for admission, requests for production of documents, subpoenas of non-parties, and depositions of parties and non-parties may require disclosure of confidential information within the meaning of Fed. R. Civ. P. 26(c)(7);

WHEREAS, counsel for the parties have agreed that the following Stipulated Protective Order shall govern the use and handling of documents, depositions, deposition exhibits, and other written, recorded, or graphic matter and materials produced during discovery by any of the

parties to this action or third parties responding to a discovery request or subpoena that contains confidential information;

IT IS HEREBY ORDERED, that if, pursuant to proceedings in this action, any party (a) produces information or permits inspection or sampling of any tangible thing, whether informally or in response to oral examination, written interrogatories, requests for admission, requests for production of documents, requests for inspection, subpoena, or subpoena duces tecum, which any party or other person claims to constitute confidential information, or (b) receives, by an oral or written communication, information which any party or other person claims to constitute confidential information, the following procedures shall be employed and the following restrictions shall govern:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that a party in good faith believes is confidential in accordance with Fed.R.Civ.P. 26(c)(7), information that implicates common law or statutory privacy interests, or information that is otherwise required to be kept confidential by law or by agreement. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case. Nothing contained herein shall prevent any party from using that party's own documents and information

in any manner whatsoever, or from using any documents or material designated CONFIDENTIAL that already is in the possession of a party or is obtained from a source other than the opposing party.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) the parties;

    (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e) the Court and its employees ("Court Personnel");

    (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g) deponents, witnesses, or potential witnesses;

    (h) persons indicated on the face of the document to be its originator, author, or recipient; and

    (i) other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, witnesses at any trial or hearing, Court Personnel

and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. Refusal of any witness during deposition to provide such written acknowledgment shall not preclude counsel from showing such witness any document marked CONFIDENTIAL and making inquiry with respect thereto. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. It shall be the responsibility of the party seeking such CONFIDENTIAL designation to ensure designation pursuant to this paragraph.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice (such notice may be given by email, facsimile, hand delivery, and/or mail) to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten

(10) business days after the date the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9.   At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

10.   This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DONE this 18th day of August, 2005.

BY THE COURT:

_____

/s/ Boyd N. Boland

APPROVED AS TO FORM:

/s/ Kevin D. Evans                             /s/ Michael J. Keenan

By:_____          By:_____

Kevin D. Evans, Esq.                              Gregory B. Kanan, Esq.
Meredith A. Munro, Esq.                       Michael J. Keenan, Esq.
STEESE & EVANS, P.C.                          ROTHGERBER JOHNSON & LYONS, LLP
6400 S. Fiddlers Green Circle, #1820      1200 Seventeenth Street, #3000
Denver, CO 80111                                 Denver, CO 80202
Email:  kdevans@s-elaw.com                Email:  Gkanan@rothgerber.com
             mmunro@s-elaw.com                            Mkeenan@rothgerber.com