IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No.  05-cv-00798-ZLW-BNB

JASPER DEVELOPMENT, LLC,
f/k/a THE PARADIGM HEALTH CLUB, LLC,
MIA JASPER, and
ROBERT E. JASPER,

      Plaintiffs,

v.

LAKESHORE BROOMFIELD REALTY, LLC,

      Defendant.

---

AMENDED ORDER OF CERTIFICATION FOR FINAL JUDGMENT
UNDER FED. R. CIV. P. 54(b)

---

This matter came before the Court on the Stipulated Motion for Amended Entry and Certification of Judgment Under Fed.R.Civ.P. 54(b) requesting entry of final judgment and certification of the following orders of this Court:  (1) January 27, 2006 order granting Plaintiffs' Motion For Judgment On The Pleadings With Respect To Interpretation Of The Parties' Purchase Agreement, which this Court treated as a motion in limine or a motion for partial summary judgment; (2) June 8, 2006 order granting Plaintiffs' Stipulated Motion To Amend Plaintiffs' Complaint To Dismiss Plaintiffs' Second Claim For Relief Without Prejudice Pursuant To Fed. R. Civ. P. 15(a); and (3) June 15, 2006 order granting Plaintiffs' Motion For Summary Judgment On The First And Third Claims For Relief and denying Defendant's Motion for Partial Summary Judgment.

The Plaintiffs alleged three claims in their complaint: Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, and Declaratory Judgment. All of these claims have been resolved in full by Court order.

In their Stipulated Motion to Amend Plaintiffs' Complaint to Dismiss Plaintiffs' Second Claim for Relief Without Prejudice Pursuant to Fed.R.Civ.P. 15(a), filed with this Court on June 7, 2006, the parties stipulated to dismissal of the second claim without prejudice stating, in pertinent part, as follows:

> Because Plaintiffs wish to fully resolve their Complaint to enable the Court to issue a final judgment in this case, Plaintiffs request and, as noted below, Defendant stipulates, that the Court grant the Stipulated Motion and enter the attached Order dismissing Plaintiffs' Second Claim for Relief without prejudice.
>
> * * *
>
> Plaintiffs agree that in the event Defendant appeals the Court's final judgment in this case, and the court on appeal affirms the final judgment, Plaintiffs will not at any time seek to reassert Plaintiffs' Second Claim for Relief against Defendant in this or any other court of law.

As a result, this Court dismissed the Second Claim for Relief without prejudice. The Plaintiffs agreed not to reassert their Second Claim for Relief at any time in any court unless the Tenth Circuit on appeal overturns the Court's final judgment in Plaintiff's favor as to the First and Third Claims for Relief (the only claims currently asserted by the Plaintiffs and at issue on appeal).

Accordingly, there are no further issues to resolve in this case. This Fed.R.Civ.P. 54(b) Order is a final judgment, not an interim order. There was a complete and full adjudication of all issues before the Court and thus, Fed.R.Civ.P. 54(b) Certification is proper.

The Court confirms that there is no just reason to delay in entering final judgment in this matter. Neither the Plaintiffs nor the Defendant will be adversely affected by entry and certification of a final judgment approving the orders. The Court expressly directs that such judgment be entered under Fed.R.Civ.P. 54(b) so that the foregoing orders of this Court may now be subject to appeal.

WHEREFORE, the Court's orders dated January 27, 2006; June 8, 2006; and June 15, 2006 are hereby certified and entered as a final judgment under Fed.R.Civ.P. 54(b).

IT IS SO ORDERED.

Dated at Denver, Colorado, this  1  day of  November , 2006.

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court